**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BOBBY HICKINGBOTTOM,**

*Plaintiff,*

*v.*

**CAMERON PARK APARTMENTS, LLC, et al.,**

*Defendants.*

CAUSE NO. 3:25-CV-50-CWR-ASH

**ORDER OF REMAND**

The first time it removed this dispute here, Cameron Park Apartments, LLC failed to present evidence of its citizenship, even though such information was in its possession at the time of removal. *Hickingbottom v. Cameron Park Apts., LLC*, No. 3:24-CV-836-CWR-LGI, Docket No. 3 (S.D. Miss. Dec. 27, 2024). The Court remanded the matter "with prejudice." *Id.*

Cameron Park then removed the case here again. Its second notice of removal advanced the same theory of federal jurisdiction—diversity—as its first go-round, but now attempted to attach evidence of its citizenship. Docket No. 1. Only by chance did the case return to the same Judge.

The Court issued an Order to Show Cause. Docket No. 3. It sought to learn (1) whether Cameron Park's second removal was consistent with Fifth Circuit precedent, and (2) why Cameron Park's attorney failed to mark *Hickingbottom I* as a related case on the second civil cover sheet. *Id.* Cameron Park timely responded, Docket No. 4, making the matter ripe for renewed consideration.

With respect to the failure to mark *Hickingbottom I* as a related case, the Court is satisfied with counsel's explanation. No foul. There is a different result for the first inquiry, however.

Cameron Park's response begins by suggesting that its first removal was proper. *Id.* at 1. It was not. The first notice of removal stated that "Cameron Park is a New York corporation." That did not comply with Fifth Circuit precedent. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."). Remand was required.

Cameron Park's response then explains how, after remand, it sought to establish "complete diversity of citizenship . . . more conclusively and correctly." Docket No. 4 at 2. Counsel investigated and learned that there are approximately 20 "owners, officers, directors and/or principles [sic] of Cameron Park Apartments, LLC." Docket No. 4-1 at 1. He put that information into evidentiary form and attached it to the second notice of removal.

Upon review, the Court finds procedural and substantive defects with Cameron Park's second removal.

Procedurally, Cameron Park's explanation acknowledges that its second removal was merely a do-over. It attempted to present information to the Court that Cameron Park could have introduced with its first removal. And while parties can remove a case again by alleging "new facts in support of the same theory of removal," here, Cameron Park's facts were "new" only because it failed to present them to the Court the first time. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 (5th Cir. 1996). They had always been within Cameron Park's knowledge, possession, and control. Failing to submit one's own evidence to the Court is not

the same thing as getting new evidence from another party. *See, e.g.*, *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (holding, in subject matter jurisdiction case, "that 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction.").

Substantively, meanwhile, Cameron Park's second bite at the apple itself fails to meet the Fifth Circuit standard for demonstrating the citizenship of an LLC. Again, precedent says "[a] party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding*, 851 F.3d at 536. But Cameron Park's evidence doesn't list any "member" at all. It also doesn't drill down to specify any "member" of MWK LLC, one of the "owners, officers, directors and/or principles [sic] of Cameron Park Apartments, LLC." Docket No. 4-2. Cameron Park has again not demonstrated complete diversity.

The LLC jurisdictional rules have become a recurring source of consternation for all involved. *See, e.g.*, *Megalomedia Inc. v. Philadelphia Indem. Ins.*, 115 F.4th 657, 660 (5th Cir. 2024) (after a trial had been held, the Court of Appeals directed the parties to prove the citizenship of the LLCs' members, as that proof was absent from the trial court record); *1700 Universe, LLC v. Seneca Ins. Co.*, No. 3:24-CV-560-DPJ-ASH, 2024 WL 4862985, at *1 (S.D. Miss. Nov. 21, 2024) (eventually dismissing case for non-compliance); *TWCI Consulting, LLC v. Clark*, No. 3:24-CV-757-CWR-ASH, 2025 WL 465318 (S.D. Miss. Feb. 11, 2025) (explaining the requirements of Rule 7.1). But the framework has been established for years now. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). We must follow it.

Because Cameron Park's second removal was procedurally unauthorized and failed to establish citizenship correctly, the Court lacks subject matter jurisdiction. The case is once again remanded to state court.

**SO ORDERED**, this the 28th day of February, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE